UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY MCMILLEN,
an individual,

      Case No.:

    Plaintiff,
v.

CITIBANK, N.A.,
a national association,

    Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, KELLY MCMILLEN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, CITIBANK, N.A. (hereinafter, "Defendant").  In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), wherein Defendant repeatedly communicated directly with Plaintiff in an attempt to collect consumer debts despite Defendant possessing actual knowledge of Plaintiff's legal counsel with respect to such debts as well as possessing said legal counsel's contact information.  Defendant also repeatedly made telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, predictive telephone dialing system, and/or an artificial or pre-recorded voice despite Defendant lacking Plaintiff's prior express consent to make such calls.

### JURISDICTION AND VENUE

1

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1331, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, Defendant's conduct, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. At all material times herein, Defendant is a national association with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57117.

## FCCPA STATUTORY STRUCTURE

6. The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, 15 United States Code, Section 1692, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7. The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed…" and prohibits any person from engaging in particular conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

8. Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

9. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from communicating directly with a consumer known to be represented by legal counsel in an attempt to collect consumer debt when such person possesses said legal counsel's contact information. *See* Fla. Stat. §§ 559.72(7) and (18).

## TCPA STATUTORY STRUCTURE

10. Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

11. Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

12. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

13. Under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

14. Furthermore, the Restrictions on Use of Telephone Provision, 47, United States Code, Section 227(b)(1) prohibits any person:

> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a

> paging service, cellular telephone service, … or any service for which the called party is charged for the call.

15. Additionally, Plaintiff alleges that Defendant continued to call her cellular telephone using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV") in violation of the FCC Rule, 47 C.F.R. Section 64.1200(a)(1).

16. One of the regulations prescribed under the TCPA is the Federal Communications Commission ("FCC")'s rule, 47 C.F.R Section 64.1200 ("FCC Rule"), that implements the TCPA. The FCC originally promulgated the FCC Rule in 1992, since which time it has subsequently been amended as telecommunications technology has changed.

17. In its current state, the FCC Rule, 47 C.F.R. § 64.1200, provides, in relevant part, that:

> (a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**GENERAL ALLEGATIONS**

18. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

19. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

4

20. At all material times herein, Defendant attempts to collect consumer debts, specifically, alleged balances due on a Home Depot branded credit card referenced by account number ending in -1221, a Sears branded credit card referenced consumer credit card referenced by account number ending in -2660, and a Simplicty branded credit card referenced by account number ending in -5702 (hereinafter collectively, the "Debt").

21. At all material times herein, the Debt is consumer debt, alleged obligations resulting from transactions for goods or services and incurred primarily for personal, household, or family use.

22. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

23. At all material times herein, Defendant's conduct with respect to the Debt complained of below qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

24. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

**FACTUAL ALLEGATIONS**

26. Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 727-XXX-5658 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system

(hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV").

27. Plaintiff is the possessor, controller, and regular user of a cellular telephone with assigned telephone number 727-XXX-5658 (i.e., Plaintiff's Cellular Telephone).

28. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, and/or an APV.

29. Further, if Defendant contends it did possess such consent at one point in time, Plaintiff nonetheless repeatedly revoked any alleged prior existing consent the moment Plaintiff demanded that Defendant cease calling Plaintiff's Cellular Telephone and revoked any alleged prior express consent the moment Plaintiff advised Defendant that she was represented by an attorney with respect to the Debt and provided Defendant with said attorney's contact information.

30. Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, and/or an APV.

31. On or about September 9, 2019, Plaintiff retained Leavengood, Dauval & Boyle, P.A., d/b/a LeavenLaw (hereinafter, "Undersigned Counsel") with respect to her debts generally, including the Debt allegedly owed to Defendant.

32. On or about September 9, 2019, Undersigned Counsel sent a facsimile transmission (i.e., fax) to Defendant regarding Plaintiff and the Debt (hereinafter, "First Notice of Representation"). Please see a true and correct copy of the First Notice of Representation and corresponding delivery confirmation sheet labeled as Exhibit "A."

33. Defendant received the First Notice of Representation. *See* Ex. A.

34. The First Notice of Representation provided Defendant with actual knowledge of

Undersigned Counsel's representation of Plaintiff with respect to the Debt, provided Defendant with actual knowledge of Undersigned Counsel's contact information, and advised Defendant that any further communications regarding the Debt should be sent to Undersigned Counsel's office. *See* Ex. "A."

35. Moreover, the First Notice of Representation explicitly revoked any purported prior express consent permitting Defendant to make telephone calls to Plaintiff's Cellular Telephone using ATDS, PTDS and/or APV. *See* Ex. "A."

36. On or about September 12, 2019, Undersigned Counsel also sent a letter to Defendant via certified mail regarding Plaintiff and the Debt (hereinafter, the "Second Notice of Representation"). Please see attached a true and correct copy of said Second Notice of Representation and corresponding delivery confirmation sheet labeled as Exhibit "B."

37. Despite Defendant possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and despite Defendant possessing Undersigned Counsel's contact information, Defendant continued to communicate directly with Plaintiff, as further detailed below, and made such communications in an attempt to collect the Debt directly from Plaintiff.

38. Moreover, Defendant made each of the below-referenced calls to Plaintiff's Cellular Telephone using an ATDS, PTDS and/or APV despite lacking Plaintiff's prior express consent to do so.

39. On or about September 15, 2019, at approximately 12:15 p.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

40. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

7

41. On or about September 15, 2019, at approximately 12:35 p.m. ET, Defendant called Plaintiff and left a voicemail message on Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

42. Defendant sent the immediately-aforementioend voicemail message from telephone number 866.458.7688 in an attempt to collect the Debt directly from Plaintiff.

43. Defendant's above-referenced voicemail message was left using an artificial or pre-recorded message which stated "[i]t is very important you call Citi/Home Depot."

44. On or about September 16, 2019, Defendant received the Second Notice of Representation. *See* Ex. B.

45. On or about September 16, 2019, at approximately 3:20 p.m. ET, Defendant called Plaintiff and left a voicemail message on Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

46. Defendant sent the immediately-aforementioend voicemail message from telephone number 866.458.7619 in an attempt to collect the Debt directly from Plaintiff.

47. Defendant's above-referenced voicemail message was left using an artificial or pre-recorded message which stated "[i]t is very important you call Citi/Home Depot."

48. On or about September 17, 2019, at approximately 12:14 p.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

49. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

50. On or about September 18, 2019, at approximately 10:53 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

51. Defendant made the immediately-aforementioned call from telephone number

866.458.7619 in an attempt to collect the Debt directly from Plaintiff.

52. Following Defendant's call on September 18, 2019 at approximately 10:53 a.m. ET, Defendant left a voicemail on Plaintiff's Cellular Telephone using an artificial or pre-recorded voice stating "[i]t is very important that you call Citi/Home Depot."

53. On or about September 18, 2019, at approximately 6:39 p.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

54. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

55. On or about September 19, 2019, at approximately 8:16 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

56. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

57. Following Defendant's call on September 19, 2019 at approximately 8:16 a.m. ET, Defendant left a voicemail on Plaintiff's Cellular Telephone using an artificial or pre-recorded voice stating "[i]t is very important that you call Citi/Home Depot."

58. On or about September 19, 2019, at approximately 10:29 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

59. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

60. Following Defendant's call on September 19, 2019 at approximately 10:29 a.m. ET, Defendant left a voicemail on Plaintiff's Cellular Telephone using an artificial or pre-recorded voice stating "[i]t is very important that you call Citi/Home Depot."

61. On or about September 19, 2019, at approximately 5:36 a.m. ET, Defendant called

9

Plaintiff's Cellular Telephone using an ATDS, PTDS, and/or APV.

62. Defendant made the immediately-aforementioned call from telephone number 866.458.7685 in an attempt to collect the Debt directly from Plaintiff.

63. On or about September 19, 2019, Defendant sent a billing statement directly to Plaintiff in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "C."

64. Defendant's immediately-aforementioned billing statement asserted "[y]our account is past due. Pleas pay at least the minimum payment due, which includes a past due amount of $63.57." *See* Ex. C.

65. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

66. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that retaining Undersigned Counsel with respect to the Debt and advising Defendant of the same was wholly ineffective, and that Defendant's frequent, repeated, and invasive Debt collection attempts would simply have to be endured.

67. It is Defendant's corporate policy to use an ATDS, a PTDS and/or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

68. Defendant employed its Corporate Policy of using an ATDS, a PTDS and/or an APV when Defendant made the telephone calls to Plaintiff's Cellular Telephone in this case.

69. Defendant made the telephone calls to Plaintiff's Cellular Telephone with no effective way for Plaintiff to remove her Cellular Telephone number from Defendant's telephone dialing system.

70. Defendant made calls, or caused calls to be made, to Plaintiff with no effective way for Defendant to remove Plaintiff's Cellular Telephone number from Defendant's telephone dialing system.

71. Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by Defendant using an ATDS, PTDS and/or APV to make Defendant cease calling a cellular telephone.

72. Defendant's Corporate Policy and procedures are structured as to continue to call individuals like Plaintiff using an ATDS, a PTDS, or an APV, regardless of how many times said individuals request that Defendant cease calling a cellular telephone regarding a debt allegedly owed to Defendant.

73. Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS and/or an APV despite lacking consumers' prior express consent to do so.

74. Defendant willfully, knowingly, and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

75. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection communications, to record the specifics (as done above) on each and every communication Defendant made to Plaintiff.  Plaintiff asserts, however, that the above-referenced telephone calls and billing statements are but a sub-set of the communications Defendant made in violation of the FCCPA and TCPA.  Further, Defendant is in the best position to determine and ascertain the number and methodology of Debt collection communications made to Plaintiff.

76. Despite having repeatedly advised Defendant of Undersigned Counsel's representation of Plaintiff with respect to the Debt, Defendant continues to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA.

77. Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under Florida state law.

78. Given Defendant's conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

79. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

80. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by Defendant, directly or indirectly, using any ATDS or APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

81. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made by Defendant, directly or indirectly, using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

82. As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>

Plaintiff re-alleges paragraphs one (1) through eighty-two (82) as if fully restated herein and further states as follows:

83. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

84. Specifically, Defendant possessed actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt, possessed actual knowledge of Undersigned Counsel's contact information, possessed actual knowledge that Plaintiff demanded that Defendant stop communicating directly with Plaintiff regarding the Debt and instead direct any such communications to Undersigned Counsel's office, and possessed actual knowledge that Plaintiff explicitly revoked any purported prior express consent permitting Defendant to make calls to Plaintiff's Cellular Telephone via the First Notice of Representation and Second Notice of Representation.

85. Despite Defendant possessing the above-referenced knowledge, Defendant collectively made *at least* nine (9) telephone calls to Plaintiff's Cellular Telephone using an ATDS, PTDS and/or APV in September 2019 in its attempts to collect the Debt directly from Plaintiff.

86. Additionally, Defendant left *at least* six (6) voicemails in its attepts to collect the Debt on Plaintiff's telephone using an artificial or pre-recorded voice.

87. Moreover, despite Defendant possessing the above-referenced knowledge, Defendant sent *at least* one (1) billing statement directly to Plaintiff demanding that Plaintiff pay the past due amount in an attempt to collect the Debt.

88. Defendant's conduct served no purpose other than to annoy and harass Plaintiff into paying the Debt by continuing to impermissibly and unlawfully call Plaintiff's Cellular Telephone and leave artificial voicemails in an attempt to collect the Debt and by sending written communications to Plaintiff requesting payment on the Debt—circumventing Undersigned Counsel's legal representation of Plaintiff with respect to the Debt—leading Plaintiff to believe that she simply must endure Defendant's repeated and invasive Debt collection communications or immediately make a payment to Defendant on the Debt.

89. Defendant's willful, and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect the Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

90. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through eighty-two (82) as if fully restated herein and further states as follows:

91. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after Defendant received notice and possessed actual knowledge that Plaintiff retained Undersigned Counsel with respect to the Debt and after Defendant possessed Undersigned Counsel's contact information.

92. Specifically, Defendant possessed actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessed actual knowledge of

Undersigned Counsel's contact information via the First Notice of Representation and Second Notice of Representation.

93. Despite Defendant possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, Defendant subsequently made *at least* nine (9) telephone calls to Plaintiff's Cellular Telephone and sent *at least* one (1) billing statements directly to Plaintiff in its attempts to collect the Debt.

94. As such, Defendant attempted to collect the Debt directly from Plaintiff, a known represented party in violation of Florida Statutes, Section 559.72(18).

95. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:
TELEPHONE CONSUMER PROTECTION ACT-
VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through eighty-two (82) as if fully restated herein and further states as follows:

96. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS and/or APV to make a telephone call to a number assigned to a cellular telephone service without Plaintiff's prior express consent.

97. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS and/or an APV.

98. If Defendant contends it possessed such consent, Plaintiff revoked any such purported consent each and every time Plaintiff requested that Defendant cease calling Plaintiff regarding the Debt and revoked any such purported consent each and every time Plaintiff advised Defendant that she retained Undersigned Counsel as legal counsel with respect to the Debt and

provided Defendant with Undersigned Counsel's contact information.

99. Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, PTDS and/or APV.

100. More specifically, after Plaintiff advised Defendant that Plaintiff retained Undersigned Counsel with respect to the Debt, asked that Defendant stop calling Plaintiff regarding the Debt, and asked that Defendant direct any communications regarding the Debt to Undersigned Counsel's office, Defendant subsequently made *at least* nine (9) calls to Plaintiff's Cellular Telephone using an ATDS, PTDS and/or APV, leaving *at least* six (6) voicemails using an artificial or pre-recorded voice.

101. The telephone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

102. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of her Cellular Telephone service and the cost associated therewith;

    b. Lost material costs associated with the use of peak time minutes allotted under her Cellular Telephone service contract; and

    c. Stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff

respectfully requests an entry of:

    a.    Judgment against Defendant declaring that Defendant violated the FCCPA;

    b.    Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c.    Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

    d.    Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    e.    Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

    f.    Actual damages in an amount to be determined at trial;

    g.    Punitive damages in an amount to be determined at trial;

    h.    An award of attorneys' fees and costs; and

    i.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

                        Respectfully submitted,
                        **LeavenLaw**

                        /s/ *Ian R. Leavengood*

        **[X] Ian R. Leavengood, Esq., FBN 0010167**
        ☐ **Kelly C. Burke, Esq., FBN 0123506**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
kburke@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF _____ )

Plaintiff KELLY MCMILLEN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Kelly McMillen

Subscribed and sworn to before me this 6th day of Dec, 2019.

_____
Notary Public

My Commission Expires: _____

Proof of I.D.: FL DL

Notary Public State of Florida
Marsha K Fowler
My Commission GG 931336
Expires 11/12/2023